HINES ET AL. *v.* THERMAL-GARD OF OHIO, INC. ET AL.

(No. 86 CVF 6874 — Decided June 30, 1988.)

Marion Municipal Court.

*William R. Finnegan,* for plaintiffs.

*Robert N. Burman,* for defendant Thermal-Gard of Ohio, Inc.

*James A. Harris,* for defendant BancOhio National Bank.

RICHARD M. ROGERS, J. This matter came before the court for consideration of plaintiffs' motion for summary judgment. For the purposes of this motion, the court makes the following findings of fact:

(1) On August 29, 1985, a salesman acting on behalf of defendant Thermal-Gard of Ohio, Inc. ("Thermal-Gard") went to plaintiffs' residence in response to plaintiffs' telephone inquiry concerning Thermal-Gard's product.

(2) After some negotiations, Thermal-Gard's salesman had plaintiffs sign a contract for the purchase and installation of three triple-pane windows, and a promissory note, payable to defendant BancOhio National Bank ("BancOhio"), to secure funds in payment of the contract.

(3) Thermal-Gard alleges that at the time of execution of the contract it delivered to plaintiffs a "Notice of Right of Rescission," a copy of which is attached to plaintiffs' motion for summary judgment as Exhibit A. Plaintiffs deny having received said document; however, for the purposes of this motion, the parties stipulate that the court may consider Exhibit A as having been delivered to the plaintiffs.

(4) Shortly thereafter, three existing windows were removed from plaintiffs' residence, and the windows which are the subject of the contract were installed in their place.

(5) The original windows were damaged during removal and were disposed of by Thermal-Gard.

(6) After installation, the plaintiffs became dissatisfied with the windows.

(7) On April 16, 1986, plaintiffs notified Thermal-Gard of their intent to cancel the subject contract.

Plaintiffs contend that even if they received the "Notice of Right of Rescission" as evidenced by Exhibit A, said notice does not conform with the statutory requirements of the Home Solicitation Sales Act, specifically, R.C. 1345.23, and is, in effect, no notice of right of cancellation. Plaintiffs further argue that Ohio's Home Solicitation Sales Act permits the buyer to cancel the home solicitation sale at any time until the seller has complied with the requirement to deliver a notice of right of cancellation, R.C. 1345.23(C).

Defendants argue, on the authority of *Tambur's, Inc.* v. *Hiltner* (1977), 55 Ohio App. 2d 90, 9 O.O. 3d 239, 379 N.E. 2d 231, that Ohio's Home Solicitation Sales Act does not apply to the subject transaction. Further, defendants contend that even if the court should find that this transaction constituted a home solicitation sale, the "Notice of Right of Rescission" constituted substantial compliance as to notice of right of cancellation and, therefore, plaintiffs had no right to cancel the contract on April 16, 1986.

There are then three basic issues confronting the court at this time. First, whether Ohio's Home Solicitation Sales Act applies to the subject transaction. If so, does the "Notice of Right of Rescission" given by Thermal-Gard satisfy the statutorily required notice of the right to cancel? Finally, was rescission or cancellation of the contract a remedy available to the plaintiffs on April 16, 1986?

This court finds that the subject transaction is of the nature contemplated by the Home Solicitation Sales Act and defined in R.C. 1345.21. In so finding, this court respectfully declines to follow the decision of the Court of Appeals for Lucas County as set forth in the *Tambur's, Inc.* case. Having thoroughly reviewed the decision in the *Tambur's, Inc.* case, this court feels that the *Tambur's, Inc.* court looked to the final result after total performance. The applicability of the Home Solicitation Sales Act is a determination which must be made based on the facts as they exist at the time of the signing of the contract. See *Tomes* v. *George P. Ballas Leasing, Inc.* (Sept. 30, 1986), Lucas App. No. L-85-359, unreported.

Thermal-Gard argues, pursuant to the *Tambur's, Inc.* case, that the Home Solicitation Sales Act does not apply due to the inability of the buyers to return the consumer goods after installation. This argument is inappropriate since it assumes that the consumer goods provided in a home improvement contract, such as in *Tambur's, Inc.,* have already been installed. As noted, the determination of the applicability of the Home Solicitation Sales Act must be made at the time of the signing of the contract and before any performance under that contract. In those circumstances, there is no reason why any consumer goods could not be returned in as good condition as "received" by the buyer. Defendants' reliance on the *Tambur's, Inc.* case also ignores the fact that a home improvement contract is in the nature of a service contract, and that the performance of services, prior to expiration of "the time in which the buyer may cancel," is specifically prohibited by R.C. 1345.22, presumably, because there would be no possibility of return of the "services."

R.C. 1345.21(E) defines "consumer goods or services" as "goods or services purchased, leased, or rented primarily for personal, family, or household purposes * * *." It is only logical to conclude that goods and services utilized in remodeling or making additions or improvements to a family

dwelling unit satisfy such purpose. In addition, R.C. 1345.21(F) lists certain goods or services which do not constitute "consumer goods or services," and nothing contained therein would preclude goods and services utilized in home improvements from the definition of "consumer goods or services."

This court, therefore, concludes that home improvement contracts such as the one under consideration herein may be a proper subject for a "home solicitation sale" as set forth in R.C. 1345.21(A). See, also, *Hooker* v. *Hilleker* (Jan. 10, 1983), Tuscarawas C.P. No. 82 CV 12447, unreported; *Brown* v. *Wells* (Dec. 27, 1982), Hamilton C.P. No. A-8208576, unreported; *Celebrezze* v. *Hall* (Apr. 26, 1983), Lucas C.P. No. 82-2664, unreported; *Fain* v. *Hoptry* (1986), 34 Ohio App. 3d 148, 517 N.E. 2d 550.

This court further concludes that the goods or services must be specifically identifiable at the time of the execution of the contract in order to constitute a "home solicitation sale." The subject contract does, in fact, specifically define the goods and services to be provided by Thermal-Gard.

Finally, Thermal-Gard argues, by way of an affidavit, that the subject transaction is subject to the exception contained in R.C. 1345.21(A)(4) in that Thermal-Gard maintains an office and showroom in Columbus, Ohio, which is open to the public. This court finds that the affidavit does not meet the requirements of this exception in that it fails to state that the showroom is a place "where the goods or services involved in the transaction are regularly offered or exhibited for sale." Further, Thermal-Gard has alleged by said affidavit that the windows provided to the plaintiffs were manufactured to plaintiffs' specifications, suggesting that they did not exist at the time of the signing of the contract, and that, therefore, said goods could not have been offered or exhibited for sale at the showroom. Nor was it feasible for Thermal-Gard to provide the services at the showroom when installation at plaintiffs' residence was necessary. This exception is, therefore, not applicable to Thermal-Gard.

The court having determined that the subject contract is subject to the Home Solicitation Sales Act, it must next consider whether Thermal-Gard gave a notice of cancellation which meets the requirements of R.C. 1345.23. While the "Notice of Right of Rescission" which Thermal-Gard contends it delivered to plaintiffs may have met the federal "Truth-in-Lending" standard, the "Truth-in-Lending" notice is substantially different from the notice of cancellation required here.

The court finds several material differences. For example, Thermal-Gard's notice of right of rescission advises the buyers of possible liens while the required notice of cancellation makes no mention of liens. Thermal-Gard's notice gives three optional dates by which the buyers may cancel, one of which is predicated on their receipt of "Truth-in-Lending" disclosures, which the court must assume they would not receive in this subject transaction. By contrast, the notice of cancellation required by Ohio law gives the buyers three days from a specific date to cancel the transaction. Further, Thermal-Gard's notice requires that the sellers cancel any lien, mortgage or other security interest and return any money or property received within twenty days of cancellation. Again, in contrast, the notice of cancellation requires that any negotiable instrument executed by the buyer must be returned within ten days. Finally, Thermal-Gard's notice indicates that the buyers may retain any property received until the seller complies with its obligations, while the

notice of cancellation requires the buyer to make the goods available to the seller.

Based on these differences and others which may impact on the buyers' understanding of their rights and obligations, as well as the seller's obligations, the court finds that the notice provided by Thermal-Gard does not satisfy the requirements of R.C. 1345.23. Further, since the court has found that material differences exist between the two notices, it follows that the "Notice of Right of Rescission" did not constitute substantial compliance with R.C. 1345.23.

Incidentally, the court finds that the statute does not provide for substantial compliance, but unequivocally sets forth certain information which must be included and, in fact, provides the seller with the entire form which the seller may utilize to avoid any question of compliance. See *Brown* v. *Deacon's Chrysler Plymouth, Inc.* (App. 1979), 14 O.O. 3d 436.

The court having determined that the subject transaction constituted a "home solicitation sale" and that the seller failed to provide the appropriate notice of cancellation as required by law, we must now consider whether cancellation of the contract was an appropriate remedy still available to plaintiffs as of April 16, 1986. R.C. 1345.23(C) provides that "[u]ntil the seller has complied with divisions (A) and (B) of this section the buyer may cancel the home solicitation sale by notifying the seller by mailing, delivering, or telegraphing written notice to the seller of his intention to cancel. The three day period prescribed by section 1345.22 of the Revised Code begins to run from the time the seller complies with divisions (A) and (B) of this section." R.C. 1345.22 provides that "[w]here a home solicitation sale requires a seller to provide services, he shall not commence performance of such services during the time in which the buyer may cancel."

A home improvement contract such as the one at issue here is primarily a contract for services. Since Thermal-Gard failed to provide plaintiffs with adequate notice of cancellation, plaintiffs' right to cancel never expired and that option was still available to them on April 16, 1986. In so deciding, the court finds that the plaintiffs' reason for cancelling the contract is not material to the issue. Further, having violated the statutory prohibition of R.C. 1345.22 by commencing performance prior to delivery of a notice of cancellation, Thermal-Gard cannot now be heard to complain of an unjust consequence. To hold otherwise would permit the seller to avoid the purpose of the Act entirely. See *Edgell* v. *Aurora Builders, Inc.* (Dec. 12, 1985), Cuyahoga App. No. 49827, unreported.

The court also has been made aware of the case of *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, 18 OBR 281, 480 N.E. 2d 802. The *Reichert* case spoke to construction contracts under the Ohio Consumer Sales Practices Act and essentially determined that rescission was "not a proper remedy where there has been a substantial change in the subject of the consumer transaction. * * *" *Id.* at 224, 18 OBR at 284, 480 N.E. 2d at 806. The *Reichert* case was decided under the Ohio Consumer Sales Practices Act, specifically, R.C. 1345.09(C), which provides that any action for rescission must occur before any substantial change in the condition of the subject of the consumer transaction. It must be noted, however, that the Home Solicitation Sales Act contains a specific prohibition against commencing performance of the contract prior to providing the notice of cancellation, R.C. 1345.22. The Consumer Sales Practices Act contains no

such prohibition, nor does it require a notice of cancellation. The *Reichert* case, therefore, is not applicable to the case at bar. Further, R.C. 1345.09(C) contemplates an action at law, a remedy available in addition to the plaintiffs' right herein to cancel before performance.

The court, finding that plaintiffs have effectuated a cancellation of the contract with Thermal-Gard, further finds that a return of the goods received by plaintiffs from Thermal-Gard is not required under the circumstances of this case. All parties agree that the windows cannot be removed without substantial damage to those windows. Further, return of the original windows to plaintiffs is an impossibility since they no longer exist. Therefore, plaintiffs' continued retention of the windows installed by Thermal-Gard is as close as we can come to returning the parties back to their original circumstances (see R.C. 1345.26 and 1345.27).

Thermal-Gard will also be required to "[r]efund all payments made under the contract" and "[c]ancel and return any note, negotiable instrument, or other evidence of indebtedness executed by the buyer[s]" pursuant to R.C. 1345.23(D)(4)(a) and (c).

Further, the court finds that Thermal-Gard's failure to provide a notice of cancellation pursuant to R.C. 1345.23 and Thermal-Gard's commencing of performance in violation of the prohibition contained in R.C. 1345.22 constitute "a deceptive act or practice in connection with a consumer transaction" in violation of R.C. 1345.28 and 1345.02. This matter will, therefore, be scheduled for an additional hearing to determine whether plaintiffs are entitled to any additional damages or attorney fees as requested in the amended complaint.

As to defendant BancOhio National Bank, the court finds that plaintiffs are entitled to a refund of all monies paid and the cancellation of plaintiffs' promissory note.

*Judgment accordingly.*