OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellants, Vickie E. Johnson, Phillip L. Johnson, and Quick Connect ("the Johnsons"), appeal the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellees, Albin and Carol Kamposek ("the Kamposeks").
 {¶ 2} Phillip and Vickie Johnson operate a construction company known as Quick Connect. In the fall of 2001, the Kamposeks contacted Vickie Johnson regarding construction improvements to their home. Vicki Johnson went to the Kamposeks' home and offered a proposal of work to be performed. The Kamposeks accepted this proposal.
 {¶ 3} The proposal was extensive. It called for the construction of a pole barn; an addition to the residence, including a basement; new windows; converting a garage into a bedroom and bathroom; and siding the entire house, including the addition. The agreed price for this work was $28,800. The Johnsons never provided the Kamposeks with notice of cancellation pursuant to R.C. 1345.23.
 {¶ 4} The Kamposeks gave the Johnsons an initial payment of $9,626. Thereafter, the Johnsons began working on the Kamposeks' residence. About six weeks after the initial payment, the Kamposeks paid the Johnsons a second payment, in the amount of $10,526.66. Three months after construction began, the Johnsons requested the final payment for the project. The Kamposeks were unhappy with the quality of the work to that point and refused to make the final payment. In response, the Johnsons stopped work on the project.
 {¶ 5} In September 2002, the Kamposeks filed this action against the Johnsons for breach of contract. In addition, the complaint stated that the Kamposeks prayed for rescission or cancellation of the contract "if so elected prior to trial." On April 9, 2003, the Kamposeks sent a letter to Vickie Johnson cancelling the contract. On May 23, 2003, both parties filed motions for summary judgment. The trial court granted the Kamposeks' motion for summary judgment. The trial court ruled that the contract was subject to the Home Solicitation Sales Act ("HSSA").[1] Since the contract was subject to the HSSA, the Johnsons were required to give the Kamposeks notice of cancellation pursuant to R.C. 1345.23. As notice of cancellation was not provided, the Kamposeks were free to cancel the contract. The trial court found that the Johnsons' failure to give the Kamposeks notice of cancellation was a deceptive sales act or practice, pursuant to R.C. 1345.28. Finally, the trial court granted the Kamposeks' remedy request of a complete rescission of the contract. The trial court ordered the Johnsons to reimburse the Kamposeks the $20,152.64 in payments made toward the project.
 {¶ 6} The Johnsons raise the following assignment of error:
 {¶ 7} "The trial court erred in granting plaintiffs' motion for summary judgment, as the plaintiffs were not, as a matter of law, entitled to the relief they sought. Furthermore, there were issues of material fact that had, by law, to be determined by a trier of fact."
 {¶ 8} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[3]
The standard of review for the granting of a motion for summary judgment is de novo.[4]
 {¶ 9} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur on a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.[5] If the moving party meets this burden, a reciprocal burden is placed on the non-moving party to show that there is a genuine issue of material fact for trial.[6]
 {¶ 10} "Home solicitation sale" is defined in R.C. 1345.21, which provides, in part:
 {¶ 11} "(A) `Home solicitation sale' means a sale of consumer goods or services in which the seller or person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. It does not include transactions or transactions in which:
 {¶ 12} "* * *
 {¶ 13} "(4) The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale.
 {¶ 14} "Advertisements by such a seller in newspapers, magazines, catalogues, radio, or television do not constitute the seller initiation of the contact.
 {¶ 15} "* * *
 {¶ 16} "(6) The buyer has initiated the contact between the parties and specifically requested the seller to visit the buyer's home for the purpose of repairing or performing maintenance upon the buyer's personal property. If, in the course of such a visit, the seller sells the buyer additional services or goods other than replacement parts necessarily used in performing the maintenance or in making the repairs, the sale of those additional goods or services does not fall within this exclusion."
 {¶ 17} The Johnsons contend the trial court erred by determining that the contract was subject to the HSSA. We disagree. The Kamposeks filed an affidavit from Mr. Kamposek, wherein he states that the contract was offered and accepted at their residence. This transaction meets the statutory definition of a home solicitation sale defined in R.C. 1345.21(A). In addition, we note that home improvement contracts generally fall within the purview of the HSSA.[7]
 {¶ 18} Although not addressed by the parties, we will briefly address whether the transaction at issue is excluded by the provision in R.C. 1345.21(A)(4). Neither party referenced this section in their motions for summary judgment. The Kamposeks attached Vickie Johnson's answers to their interrogatories to their motion for summary judgment. Therein, she stated that she offered to have the Kamposeks come to her home to meet as a solution to meeting at the Kamposek's home, due to her fear of their dog. This statement suggests the lack of a "business establishment." Moreover, if the Johnsons had an office in their home, this would probably not qualify as a "business establishment."[8]
 {¶ 19} Pursuant to Dresher v. Burt, the Kamposeks met their initial burden of showing the HSSA applied to this transaction. If the Johnsons believed an exclusion to the HSSA applied, and removed the transaction from the act, they had the reciprocal burden of pointing to evidentiary material demonstrating their claim.[9] The Johnsons did not submit any evidentiary material suggesting the existence of a location that would qualify as a "business establishment." Where "the record is devoid of any evidence that the consumer knew that he had the option of going to the seller's business location to complete the transaction, the evidence cannot support a finding that the consumer actually had an opportunity to do so."[10] In the case sub judice, there was no evidence that the Johnsons had a business establishment, let alone that the Kamposeks knew they had the option to complete the transaction at the business establishment, provided one existed. As such, the exclusion provided in R.C. 1345.21(A)(4) does not remove the instant transaction from the HSSA.
 {¶ 20} The Johnsons claim the transaction is excluded from the act due to the exclusion provided by R.C. 1345.21(A)(6). In support of their argument, the Johnsons cite Papp v. J WRoofing General Contracting.[11] However, Papp holds that home improvement contracts such as roofing are subject to the HSSA and are not excluded by the (A)(6) exclusion.[12]
 {¶ 21} The Johnsons also cite this court's opinion inSmaldino v. Larsick, in support of their contention that the R.C. 1345.21(A)(6) exclusion applies to this matter.[13]
However, Smaldino v. Larsick is clearly distinguishable from the case at bar. In Smaldino v. Larsick, the buyer's furnace broke in the middle of a cold, winter night. This court determined that the installation of a new furnace was a necessary repair under the circumstances.[14] Unlike Smaldino, none of the remodeling in the instant matter was of paramount importance that it could not have waited until the Johnsons had provided the Kamposeks with the three-day period for cancellation.
 {¶ 22} The contract in this matter was clearly subject to the HSSA.
 {¶ 23} The Johnsons argue the trial court erred by granting rescission as a remedy. To the extent that follows, we agree.
 {¶ 24} A brief review of the statutory provisions of the HSSA is necessary. R.C. 1345.22 permits the buyer in a home solicitation sale to cancel the sale within three business days of signing the agreement. R.C. 1345.23 requires the seller in a home solicitation sale to give the buyer notice of the buyer's right to cancel the sale within three business days. R.C. 1345.23(C) states that a buyer may cancel the sale anytime prior to receiving notice of the right to cancel from the seller and that the three-day period for cancellation begins to run when notice is given. If the buyer decides to cancel the sale, the seller must return all payments to the buyer.[15] In addition, the buyer, upon demand, must allow the seller to retrieve the goods from the sale.[16]
 {¶ 25} If the sale is a service contract, the seller is not permitted to begin performance of the contract until the three-day period for the buyer to cancel has expired.[17]
This provision has been interpreted to put the risk of loss on the seller if performance is begun prior to expiration of the buyer's right to cancel.[18] While home improvement contracts are a combination of service and goods, courts have held that they are primarily contracts for services.[19] In addition, the physical items are generally of little value to the seller if they are removed, and it is often difficult to return the buyer's property to its original condition without imposing additional hardship upon the buyer.[20] Obviously, the Johnsons initiated performance prior to the expiration of the cancellation period. Therefore, they bore the risk of the Kamposeks cancelling the contract.
 {¶ 26} The First Appellate District has held that a buyer loses his right to cancel the contract after filing a suit for damages.[21] The rationale for this holding is that a buyer cannot on one hand attempt to enforce the contract, while on the other hand attempt to cancel it.[22] We agree that a buyer may not recover on two different theories for damages, but a buyer may assert alternative theories for recovery in the complaint. In the case before us, the Kamposeks requested damages under two alternative theories, (1) breach of contract and (2) cancellation or rescission of contract. This strategy was necessary due to the Johnsons' denial that the HSSA applied. If the trial court had agreed with the Johnsons on this issue, the Kamposeks would not have had the right to cancel the contract, and their only means to recovery would have been on a successful breach of contract claim. In Rosenfield, the opinion indicates that the buyer only filed a suit alleging a breach of contract. Thereafter, the buyer cancelled the contract, and the lower court awarded damages based on rescission and tripled those damages.[23] Here, the trial court only awarded a refund of the payments made by Kamposeks, it did not award additional damages. Accordingly, we do not find that the Kamposeks were precluded from cancelling the contract by the filing of the lawsuit.
 {¶ 27} While the cancellation of a contract under the HSSA is similar to the rescission of a contract, they are distinct concepts.[24] The trial court concluded that the contract was both cancelled and rescinded. For the following reasons, we modify the trial court's judgment to indicate the contract was cancelled, but not rescinded. R.C. 1345.28 provides that the failure to comply with R.C. 1345.21 — 1345.27 is a deceptive act or practice in violation of R.C. 1345.02. The lower court inRosenfield, as well as the trial court in the case sub judice, determined that the seller's failure to provide notice was a deceptive act and a violation of R.C. 1345.02. Thereafter, both courts determined that rescission was an available remedy under R.C. 1345.09. If the HSSA applies to a transaction, the buyer has the right to cancel the contract until three days after the seller provides notice of the buyer's right to cancel.[25]
In the case at bar, the seller cancelled the contract on April 9, 2003. Since the trial court determined the HSSA applied, the contract was cancelled. There was no reason to turn to the rescission provision of R.C. 1345.09. Moreover, the following reason shows why rescission under R.C. 1345.09 is inappropriate in this matter.
 {¶ 28} The Kamposeks attached Vickie Johnson's answers to their interrogatories to their motion for summary judgment. In response to the question regarding the nature of the work performed, Vickie Johnson answered:
 {¶ 29} "To the best of my recollection, sometime in October of 2001, I placed a dumpster there. The Plaintiffs deposited the contents of their garage into my dumpster. After that, I dug the basement, poured the basement floor, completed the addition on top and installed windows in the entire house, including the basement and addition that I installed. I built a new foyer on the front of the house. I gutted the garage wall, removed the door, installed new windows and then sided the entire house as well as the addition. I built a pole barn to the side of the house and sided it."
 {¶ 30} For summary judgment purposes, this was evidence that the Johnsons performed significant work on the Kamposeks' property. R.C. 1345.09(C) provides that revocation of the transaction must occur "before any substantial change in condition of the subject of the consumer transaction." Thus, the Kamposeks may not have been entitled to rescission under R.C. 1345.09, because there may have been a substantial change in the subject matter of the transaction.[26] Again, based upon the plain language of the HSSA, the Kamposeks were permitted to cancel the contract, and the trial court did not need to turn to R.C. 1345.09.
 {¶ 31} Unlike R.C. 1345.09, the HSSA does not contain a "substantial performance" exception. Except as provided in R.C. 1345.27, the act does not require payments returned to the buyer to be offset by the benefit conferred upon the buyer under an unjust enrichment or quantum meruit theory. Thus, the Johnsons were not entitled to a setoff for the value of the improvements to the Kamposeks' property.
 {¶ 32} Again, if the items sold in this case were "goods," they would have to be returned to the seller.[27] However, this is not the case if the items are "services." When a "service" is at issue, the seller bears the risk of starting prior to the expiration of the cancellation period.[28]
Home improvement contracts have been classified as "service" contracts.[29] Therefore, the Johnsons bore the risk of starting the project prior to the expiration of the cancellation period. As such, the Kamposeks were not responsible for returning the items of the project or for paying the Johnsons for their value.[30]
 {¶ 33} As an aside, while there is no "clean hands" provision in the HSSA, we caution against the scenario where a buyer enters into a contract solely to take advantage of the seller's possible failure to provide notice of the right to cancel. The HSSA is intended to be a "shield" for the consumer, not a "sword." In such a situation, the trial court would certainly have the discretion to make an equitable determination of damages. However, there is no evidence that the Kamposeks used the act in such a manner in this case.
 {¶ 34} The Johnsons' assignment of error is without merit regarding the issue of whether the HSSA applies to this transaction. The Johnsons' assignment of error has merit, to the extent indicated, regarding the rescission of contract issue.
 {¶ 35} The judgment of the trial court finding that the contract was subject to the Home Solicitation Sales Act is affirmed. Likewise, the trial court's judgment that the Kamposeks were entitled to cancel the contract due to the Johnsons' failure to provide notice is affirmed. The trial court's judgment is modified to omit the reference regarding rescission and only state that the contract was cancelled. However, this modification does not change the amount of the refund the judgment awarded.
DONALD R. FORD, P.J., concurs,
JUDITH A. CHRISTLEY, J., dissents with Dissenting Opinion.
[1] R.C. 1345.21, et seq.
[2] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[3] Civ. R. 56(C).
[4] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[5] Dresher v. Burt, 75 Ohio St.3d at 293.
[6] Id.
[7] Patterson v. Stockert (Dec. 13, 2000), 5th Dist. No. 2000AP 01 0002, 2000 Ohio App. LEXIS 6004, at *13-14.
[8] Clemens v. Duwel (1995), 100 Ohio App.3d 423, 428-430.
[9] See Dresher v. Burt, supra.
[10] Clemens v. Duwel, 100 Ohio App.3d at 430.
[11] Papp v. J W Roofing General Contracting (Dec. 17, 1999), 2d Dist. No. 17904, 1999 WL 1206706.
[12] Id. at *2.
[13] Smaldino v. Larsick (1993), 90 Ohio App.3d 691.
[14] Id. at 696.
[15] R.C. 1345.23(D)(4)(a).
[16] R.C. 1345.27.
[17] R.C. 1345.22.
[18] Clemens v. Duwel, 100 Ohio App.3d at 432.
[19] Id. at 431, quoting Hines v. Thermal-Gard of Ohio, Inc.
(1988), 46 Ohio Misc.2d 11, 14-15.
[20] Id.
[21] Rosenfield v. Tombragel (Dec. 31, 1996), 1st Dist. No. C-950871, 1996 Ohio App. LEXIS 5885, at *7.
[22] Id.
[23] Id.
[24] Rosenfield v. Tombragel, 1996 Ohio App. LEXIS 5885, at *7, citing Clemens v. Duwel, supra.
[25] R.C. 1345.23(C).
[26] See Reichert v. Ingersoll (1985), 18 Ohio St.3d 220.
[27] R.C. 1345.27.
[28] See R.C. 1345.22; Clemens v. Duwel,100 Ohio App.3d at 432.
[29] Clemens v. Duwel, supra.
[30] Id.