[Cite as *Smith v. Sack*, 2016-Ohio-763.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT K. SMITH, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-L-081 |
| JARED SACK, d.b.a. J.S. HARDSCAPES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 001139.

Judgment: Affirmed.

*George L. Badovick,* 13033 Ravenna Road, Chardon, OH 44024 (For Plaintiff-Appellee).

*Katherine S. Riedel,* Law Offices of Katherine S. Riedel Co., L.P.A., Jefferson Commercial Park, 1484 State Route 46 North, No. 5, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}     Appellant, Jared Sack, dba J.S. Hardscapes, appeals the judgment of the Lake County Court of Common Pleas awarding appellee, Robert K. Smith, a refund under the Ohio Home Solicitation Sales Act ("HSSA") of the money he paid to appellant in connection with a home improvement project. At issue is whether the trial court erred in finding that Mr. Smith was entitled to a refund under the HSSA. For the reasons that follow, the judgment is affirmed.

{¶2} The statement of facts that follows is based on the evidence submitted on summary judgment and presented at the damages hearing following the trial court's entry of summary judgment on the issue of liability in favor of Mr. Smith. Between October 20, 2010 and August 16, 2013, the parties entered into a series of four contracts for appellant to construct and install a stone patio behind Mr. Smith's residence, stone retaining walls surrounding the patio, and a detached stone wall along the southern boundary of Mr. Smith's property. The four contracts were part of one integrated project, which was completed in four stages.

{¶3} The four contracts were evidenced by four invoices, one for each of the four stages of the project. Upon completion of each stage, appellant submitted an invoice to Mr. Smith. Appellant submitted to Mr. Smith the first three invoices on October 20, 2010; April 25, 2011; and May 26, 2011, and Mr. Smith promptly paid each in full, totaling $50,794.

{¶4} The final stage of the project was completed in August 2013. On August 16, 2013, appellant submitted the fourth and final invoice to Mr. Smith for labor and materials in the amount of $9,427. Mr. Smith paid $2,000 of this invoice on October 10, 2013, but refused to pay the balance due to problems with appellant's work. The retaining wall surrounding the patio was built in two sections, a lower retaining wall and an upper retaining wall. The upper wall was recessed by about one foot and a rock garden was installed in the recessed area between the two levels. After the patio was completed, part of the upper retaining wall came apart and fell to the ground. The lower and upper retaining walls and piers facing the backyard pulled away from the patio; were leaning outward; and pulled the patio floor out with them. Further, the lower wall

facing the backyard, which was about 20 feet long, was bowed in the middle along the entire length of the wall. Due to the foregoing defects, Mr. Smith testified that the patio was "not useable." Appellant's efforts to repair the defects were unsuccessful.

{¶5} On June 4, 2014, Mr. Smith filed this action against appellant, alleging breach of contract, a violation of the Ohio Consumer Sales Practices Act ("CSPA"), and a violation of the Ohio Home Solicitation Sales Act ("HSSA"). Mr. Smith alleged that the transaction was a "home solicitation sale" as defined in the HSSA and that appellant failed to provide a notice of cancellation as required by the act.

{¶6} Appellant filed an answer and counterclaim for the remaining balance allegedly owed on the fourth contract in the amount of $7,427.

{¶7} Eight months after Mr. Smith filed the complaint, on February 10, 2015, appellant provided Mr. Smith with four notices of cancellation, one for each contract. As required by the HSSA, each notice provided that if Mr. Smith cancelled the contract within the allotted time (three days), all the money he paid would be refunded to him. Mr. Smith signed all four cancellation notices and timely mailed them to appellant on February 12, 2015. However, appellant did not refund any of the money Mr. Smith paid under the contracts.

{¶8} Mr. Smith filed a motion for summary judgment on his complaint and on appellant's counterclaim. Mr. Smith argued that since he cancelled the contracts, there was no balance owed to appellant on the fourth contract, thus negating his counterclaim. Further, Mr. Smith argued that after the contracts were cancelled, appellant was required by the HSSA to return the purchase price within ten days of the cancellations. Mr. Smith argued that since appellant failed to return the purchase price

3

or to restore the property to its original condition, he was entitled to the damages provided for in the CSPA and the HSSA.

{¶9} In appellant's brief in opposition, he conceded that Mr. Smith timely cancelled the contracts, but argued that the court should exercise its discretion in making an equitable determination of damages.

{¶10} On June 11, 2015, the trial court granted Mr. Smith's motion for summary judgment on the issue of liability. The court noted the parties agree that the HSSA applies to this case and that the contracts were properly and timely cancelled by Mr. Smith. The court found that under the HSSA, appellant was not permitted to begin work during the time Mr. Smith was permitted to cancel. The court noted that under the act, the three-day cancellation period does not begin to run until notice of cancellation has been provided by the seller. The court found that since appellant began and completed the project before the cancellation period expired, he bore the risk that the contracts could be cancelled. The court found that because Mr. Smith timely cancelled the contracts, he was entitled to summary judgment on his HSSA claim.

{¶11} The court noted that the complaint also included a claim under the CSPA, but found that Mr. Smith could not recover under both the CSPA and the HSSA because they are mutually exclusive. The court found that since Mr. Smith cancelled the contracts, he had elected to proceed under the HSSA to recover a refund of the amount he paid and, thus, he was not entitled to any damages under the CSPA.

{¶12} The court also entered summary judgment in favor of Mr. Smith on appellant's counterclaim, finding that because Mr. Smith properly cancelled the contracts, there was no balance owed to appellant.

4

**{¶13}** Although the parties do not address the issue, we note the court did not expressly dispose of Mr. Smiths' breach-of-contract claim. However, because the court found, based on the undisputed evidence, that Mr. Smith cancelled the contracts, the court implicitly dismissed that claim because with no contracts, there could be no breach. The court thus disposed of all claims and appellant's counterclaim.

**{¶14}** In addition, the court scheduled a hearing to determine the appropriate amount of damages to be awarded to Mr. Smith.

**{¶15}** The court held a damages hearing at which both parties presented evidence and argument. Mr. Smith argued that because the trial court found he properly cancelled all four contracts, pursuant to the HSSA, he was entitled to a refund of all monies paid under the contracts, i.e., $52,794. In opposition, appellant argued that only one area of the project had damage, i.e., the upper retaining wall. He thus argued that awarding Mr. Smith a full refund would unjustly enrich him, and asked the court to instead make an equitable determination of damages.

**{¶16}** On June 23, 2015, the trial court entered final judgment, awarding Mr. Smith a full refund of his payment of the October 20, 2010 invoice ($12,650); the May 26, 2011 invoice ($710); and the $2,000 he paid on the August 16, 2013 invoice. The court also awarded Mr. Smith a partial refund on the April 25, 2011 invoice ($22,692), but excluded the cost of the detached wall along the southern boundary of the property ($14,742) from the refund because Mr. Smith admitted there was no problem with that wall. The court thus awarded Mr. Smith a refund in the total amount of $38,052.

**{¶17}** Appellant appeals the trial court's judgment, asserting the following for his sole assignment of error:

5

{¶18} "THE TRIAL COURT'S AWARD IN FAVOR OF APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."

{¶19} As a preliminary matter, we note that appellant does not challenge the trial court's June 11, 2015 summary judgment on the issue of liability against him and in favor of Mr. Smith. Further, appellant concedes that the HSSA applies to this case and that Mr. Smith timely cancelled the contracts. Rather, appellant argues that once the trial court set this matter for a "damages" hearing, Mr. Smith was no longer entitled to a refund and his only available remedy was damages. He further argues that because Mr. Smith did not prove he sustained damages as a result of appellant's work, the trial court erred in awarding him any damages.

{¶20} In opposition, Mr. Smith argues that he was not required to prove damages. Instead, he argues that, because he timely cancelled the parties' contracts, under the HSSA, he was entitled to a refund of all the money he paid to appellant under the contracts, and the act did not require him to prove damages.

{¶21} The determination of the available remedies under Ohio's consumer protection statutes involves statutory construction, which is a question of law that we review de novo. *Beaumont v. Kvaerner N. Am. Constr.*, 11th Dist. Trumbull No. 2013-T-0047, 2013-Ohio-5847, ¶8.

{¶22} "The HSSA seeks to decrease high-pressure sales tactics that are sometimes employed during in-home solicitations by providing consumers with a cooling-off period within which the transaction may be cancelled." *Garber v. STS Concrete Co., L.L.C.*, 8th Dist. Cuyahoga No. 99139, 2013-Ohio-2700, ¶12. The HSSA applies to "home solicitation sales," which are defined as "a sale of consumer goods or

6

services in which the seller * * * engages in a personal solicitation of the sale at a residence of the buyer * * * and the buyer's agreement * * * to purchase is there given to the seller * * *." R.C. 1345.21(A).

{¶23} This court has held that "home improvement contracts generally fall within the purview of the HSSA." *Kamposek v. Johnson*, 11th Dist. Lake No. 2003-L-124, 2005-Ohio-344, ¶17. Under the HSSA, each home solicitation sale must include a written agreement in which the seller must give the buyer notice of the buyer's right to cancel the sale within three business days. *Garber, supra,* at ¶18, citing R.C. 1345.22 and R.C. 1345.23. If the agreement does not include notice of the buyer's right to cancel, the buyer's right to cancel does not expire, and the three-day period for cancellation does not begin to run until the seller gives the buyer notice of the right to cancel. *Kamposek, supra,* at ¶24, citing R.C. 1345.23(C). Thus, under the HSSA, "the buyer has the right to cancel the contract until three days after the seller provides notice of the buyer's right to cancel." *Kamposek, supra,* at ¶27. If the buyer exercises his right to cancel the sale, the seller must "refund all payments made under the contract of sale." R.C. 1345.23(D)(4)(a). The buyer's remedy under the HSSA is limited to a refund; unlike the CSPA, there is no provision for damages in the HSSA. R.C. 1345.23(D); R.C. 1345.09.

{¶24} Further, the seller under a home solicitation sales contract is not permitted to begin performance of the contract until the three-day period for the buyer to cancel has expired. R.C. 1345.22. "This provision has been interpreted to put the risk of loss on the seller if performance is begun prior to expiration of the buyer's right to cancel."

7

*Kamposek, supra,* at ¶25, citing *Clemens v. Duwel*, 100 Ohio App.3d 423, 432 (2d Dist.1995).

**{¶25}** Under appellant's assignment of error, he raises three issues. Because the first and third issues are essentially the same, they are considered together. Appellant argues that because the trial court set the matter for a "damages hearing," this meant that Mr. Smith was no longer entitled to any refund, but, rather, was entitled only to damages upon proof of his damages. Appellant argues the trial court erred in awarding Mr. Smith any damages because he was required, but failed, to present any evidence of damages. However, the trial court did not award Mr. Smith any damages, but, rather, awarded him a refund. In any event, appellant fails to cite any pertinent case or statutory law supporting this argument. He also ignores the relevant sections of the HSSA and the well-settled case law, which compel the opposite result.

**{¶26}** While a consumer can assert CSPA and HSSA violations in a complaint as alternative theories, before trial "[a] consumer must elect which remedy to base recovery on because the consumer cannot recover under both [the HSSA] and [the CSPA]." *Garber, supra,* at ¶23; *White v. Allstate Ins. Co.,* 8th Dist. Cuyahoga No. 92648, 2009-Ohio-5829, ¶14. This is because the remedies provided for in these two statutes are mutually exclusive. *Garber, supra.* Where the buyer elects to cancel the contract under the HSSA, he is entitled to the *refund of payments made under the contract. Id.* at ¶25. This election of remedies precludes the buyer from arguing for damages under the CSPA in addition to the contract price. *Id.*

**{¶27}** Because Mr. Smith canceled the contracts, he elected to proceed under the HSSA. As such, his remedy was limited to a refund and he was not entitled to

8

damages under the CSPA.[1]  Since Mr. Smith could not recover damages, he was not required to prove them.

{¶28}  Contrary to appellant's argument, in referring to the upcoming hearing in the court's summary judgment as a "damages hearing," the court did not state or even suggest that damages were available to Mr. Smith.  To the contrary, the term "damages hearing" was simply used by the court to notify the parties that the court would determine the amount of Mr. Smith's award at the hearing.  With respect to the specific remedy the court would be considering, the trial court stated:  "*As Plaintiff has canceled the contracts, Plaintiff has elected to proceed under the HSSA and is not entitled to any damages under the CSPA.*"  (Emphasis added.)  This entry made it clear that the court would not be considering damages, but, rather, would be determining the amount of the refund, the only available remedy under the HSSA.  Moreover, in the final judgment, the court determined the amount of Mr. Smith's "refund," and did not award him any damages.  Thus, contrary to appellant's argument, the fact that the court referred to the hearing as a damages hearing had no legal significance, and did not transform Mr. Smith's claim for a refund into one for damages.

{¶29}  The Eighth District's holding in *White, supra,* supports this court's holding.  In *White*, the trial court entered summary judgment on the issue of liability in favor of the plaintiff on his HSSA claim.  The trial court later held a hearing on the issue of damages.  The plaintiff conceded he had elected to cancel the contract under the HSSA, but also attempted to pursue damages under the CSPA.  The trial court found the plaintiff was

---

1. Under the CSPA, the consumer may seek to recover three times the amount of his actual economic damages.  Actual economic damages is not limited to the price paid under the contract, but, rather, includes damages for direct, incidental, or consequential pecuniary losses resulting from a violation of the CSPA.  R.C. 1345.09(G); *Garber, supra,* at ¶21.

9

not entitled to damages.  The plaintiff appealed.  The Eighth District affirmed, holding: "Having chosen to cancel the contract under the HSSA, [the plaintiff] could not pursue damages under the CSPA."  *White, supra,* at ¶15.  Thus, although the trial court in *White, supra,* held a "damages hearing" after entering summary judgment, the Eighth District held that because the plaintiff cancelled the contract, he was only entitled to a refund, not damages.  *Id.* at ¶17.

{¶30}  We therefore hold the trial court did not err in awarding Mr. Smith a refund under the HSSA without requiring him to prove damages.

{¶31}  For appellant's second and final issue, he argues the trial court erred in awarding Mr. Smith damages for the patio steps.  However, as noted above, the trial court did not award any damages to Mr. Smith, but, rather, did not reduce Mr. Smith's refund by the cost of the patio steps.

{¶32}  A brief discussion of the legal principles concerning a buyer's right to a refund under the HSSA is in order.

{¶33}  Initially, we note the HSSA does not contain a "substantial performance" exception to the buyer's right to a full refund.  *Kamposek, supra,* at ¶31.  Further, the HSSA does not require the refund owed to the buyer to be offset by the benefit conferred on the buyer by the seller under an unjust-enrichment theory.  *Id.*

{¶34}  Further, if the items sold under the home solicitation sales contract were goods, they would have to be returned to the seller.  *Id.* at ¶32, citing R.C. 1345.27.  In contrast, because the contracts at issue here were home improvement contracts, and, thus, service contracts, appellant bore the risk of starting the project before the cancellation period expired, and Mr. Smith was not responsible for returning the

10

materials used in the project, such as cement, or for paying appellant for their value. *Kamposek, supra*, at ¶3, 32; *Garber, supra,* at ¶16; *Clemens, supra,* at 431.

**{¶35}** However, this court has stated that, "where a buyer enters into a contract solely to take advantage of the seller's possible failure to provide notice of the right to cancel" and thus uses the HSSA as a "sword" rather than a "shield," as the act was intended, the trial court has the discretion to make an equitable determination of damages. *Kamposek, supra,* at ¶33*.* "Thus, we will not disturb the trial court's determination absent an abuse of discretion." *White, supra,* at ¶17. This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

**{¶36}** Appellant concedes that the trial court properly exercised its discretion by subtracting from Mr. Smith's refund the amount he paid for the wall along the southern boundary of his property because, as Mr. Smith testified, he had no problem with that wall. As a result, the court found that, with respect to the detached wall, because Mr. Smith included $14,742, the cost of the wall, in his request for a refund, Mr. Smith used the HSSA as a sword rather than as a shield, and the court reduced the amount of Mr. Smith's refund by $14,742.

**{¶37}** However, appellant argues that the trial court erred in not further reducing Mr. Smith's refund by the cost of the patio steps because Mr. Smith did not identify any specific problem with the steps. We note that appellant does not say what that cost was, and the cost is not clarified by a review of the invoices. In any event, in order for the court to be authorized to exclude the cost of the steps from the refund, the court

11

would have had to find that Mr. Smith used the HSSA as a sword rather than a shield with respect to the cost of the steps. The court did not make such a finding for the reasons that follow, which are obvious from the record.

{¶38} Appellant admits in his brief that the steps were part of the patio. Mr. Smith testified that virtually every part of the patio failed, making the patio unusuble. For example, a corner section of the upper wall came apart and fell over. The upper and lower retaining walls and piers pulled away and are leaning outward with various degrees of lean. The patio pavers were pulled away from the house by the retaining walls, leaving large gaps between the pavers. Since the patio was useless and the steps were part of the patio, the steps were also useless.

{¶39} We therefore hold the trial court did not abuse its discretion by not reducing Mr. Smith's refund by the amount he paid for the patio steps.

{¶40} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

12