The STATE ex rel. FISHER, Appellant,

v.

AMERICAN COURTS, INC., et al., Appellees.

[Cite as *State ex rel. Fisher v. Am. Courts, Inc.* (1994), 96 Ohio App.3d 297.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65939.

Decided Aug. 1, 1994.

*Lee Fisher,* Attorney General, and *Thomas D. McGuire,* Assistant Attorney General, for appellant.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Jeffrey M. Embleton* and *Anthony J. Coyne,* for appellees.

DAVID T. MATIA, Judge.

Plaintiff-appellant, the state of Ohio, through the Ohio Attorney General, appeals from the judgment of the Cuyahoga County Court of Common Pleas granting defendant-appellee Anthony Martin's motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff-appellant assigns one error for this court's review.

For the following reasons, plaintiff-appellant's sole assignment of error is well taken.

## I. STATEMENT OF THE CASE

On July 18, 1986, plaintiff-appellant filed its complaint and request for permanent injunctions and declaratory relief against American Courts, Inc., d.b.a. Back Wall Athletic Clubs, Anthony Martin, individually and as President of American Courts, Inc., Bank One, National City Bank, and Cardinal Federal Savings Bank. The complaint alleged violations of R.C. 1345.01 *et seq.,* Ohio's Prepaid Entertainment Contract Act and Ohio's Consumer Sales Practices Act.

The state of Ohio's action was consolidated with several previously filed private actions raising similar claims. These claims were later certified as a class action pursuant to Civ.R. 23.

On September 8, 1986, defendant-appellee, Anthony Martin, filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon

which relief may be granted. On November 6, 1986, Martin's motion to dismiss was granted.

On October 17, 1990, the class action plaintiffs and the state of Ohio entered into a settlement agreement with the remaining defendant banks. On December 17, 1990, after a Civ.R. 23 fairness hearing was held, the settlement agreement was accepted by the court.

Thereafter, plaintiff-appellant timely brought the instant appeal from the judgment of the trial court granting defendant-appellee's motion to dismiss.

## II. STATEMENT OF THE FACTS

American Courts, Inc. owned and operated Back Wall Athletic Clubs, a series of fitness and racquetball clubs located in Northeastern Ohio. Defendant-appellee, Anthony Martin, served as President of American Courts, Inc. On or about June 10, 1986, American Courts, Inc./Back Wall ceased operations due to alleged financial difficulties. The Attorney General's complaint arose out of this closure.

A review of the complaint shows that there are four counts against American Courts, Inc. and defendant-appellee, Anthony Martin. Count one alleged that, after the closure of the Back Wall facilities, American Courts, Inc. and Martin failed to pay pro rata refunds to prepaid member of Back Wall Athletic Clubs as provided for in R.C. 1345.42(B)(8). Count two alleged that the failure of American Courts, Inc. and Martin to pay pro rata refunds also constituted a violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02(A). Count three alleged that American Courts, Inc. and Martin had agreed, via written contract, to provide services and received and retained payment for such services when they knew, had reason to know, or should have known that due to the financial condition of American Courts, Inc. there existed a substantial likelihood that their ability to honor or service the contract would be limited or otherwise adversely effected in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02(A). Lastly, count four of the complaint alleged that American Courts, Inc. and Martin committed unconscionable acts or practices in that they entered into consumer transactions knowing at the time of the transactions of the inability of the consumers to receive substantial benefits from those transactions, in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.03(B)(3).

## III. ASSIGNMENT OF ERROR

Plaintiff-appellant's sole assignment of error states:

"The lower court erred by granting defendant-appellee's motion to dismiss for failure to state a claim."

## A. THE ISSUE RAISED: WHETHER THE TRIAL COURT ERRED BY GRANTING DEFENDANT–APPELLEE'S MOTION TO DISMISS

Plaintiff-appellant, through its first and only assignment of error, argues that the trial court erred in dismissing defendant-appellee, Anthony Martin, as a party from the underlying lawsuit. Specifically, plaintiff-appellant argues that its complaint set forth a claim under Ohio's Prepaid Entertainment Contract Act and Ohio's Consumer Sales Practices Act, and, if the allegations contained in the complaint are accepted as true, a court could impose liability upon defendant-appellee.

## B. THE STANDARD OF REVIEW FOR LIABILITY

■■■ Ohio law has long held that corporate officers may be held personally liable for actions of the company if the officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein. *Young v. Featherstone Motors, Inc.* (1954), 97 Ohio App. 158, 171, 55 O.O. 405, 411, 124 N.E.2d 158, 165–166. Similarly, corporate officers who have participated in alleged deceptive consumer sales practices may be held personally liable in an action by the Attorney General under R.C. Chapter 1345. *Quality Carpet Co. v. Brown* (1977), 6 O.O.3d 185, syllabus.

In *Gayer v. Ohio Business Trading Assn.* (July 7, 1988), Cuyahoga App. No. 54897, unreported, 1988 WL 87629, this court found the President of the Ohio Business Trading Association individually liable for acts of the corporation, where the corporate officer personally represented to plaintiffs that their home would be sided with aluminum siding after certain insulation work had been completed. This court found that since the corporation was liable under the Consumer Sales Practices Act, the president, who had personally made the deceptive representations, also had to be individually liable.

■■ However, a corporate officer will not be held personally liable for the acts of the corporation by mere virtue of his status as a corporate officer. *Young v. Featherstone Motors, Inc., supra; Davila v. Calo* (Dec. 19, 1985), Cuyahoga App. No. 49940, unreported, 1985 WL 4615. This court further found in *Davila* that a complaint against a corporate officer must allege facts or circumstances which compel departure from the common-law rule against corporate-officer liability for the corporation's acts in order to survive a Civ.R. 12(B)(6) motion to dismiss.

## C. STANDARD OF REVIEW FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d

378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756; *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 639 N.E.2d 462.

The issue for this court's determination is whether plaintiff-appellant's complaint included a statement of claim against defendant-appellee, Anthony Martin, pursuant to Civ.R. 8(A). This court held in *Kelly v. E. Cleveland* (Oct. 28, 1982), Cuyahoga App. No. 44448, unreported, 1982 WL 5979, that:

"All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based."

In order for a court to properly grant a motion to dismiss for failure to state a claim, it must appear " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755. Moreover, a trial court should not dismiss that complaint based on doubt that plaintiff will win on the merits. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557, paragraph four of the syllabus.

## D. THE TRIAL COURT ERRED IN GRANTING DEFENDANT–APPELLEE'S MOTION TO DISMISS

In the case *sub judice*, a review of counts one through four of plaintiff-appellant's complaint demonstrates that plaintiff-appellant did, in fact, allege that defendant-appellee, Anthony Martin, acted in an individual capacity and that he was directly involved with the prohibited acts in violation of R.C. 1345.01 *et seq.* Moreover, plaintiff-appellant alleged that Martin specifically directed and ratified any wrongful act or misrepresentations made to Back Wall Club members.

Plaintiff-appellant's complaint sufficiently alleged a claim against Anthony Martin for violations of R.C. 1345.01 *et seq.* This sufficient allegation does not indicate the validity of plaintiff-appellant's claim or relate to the probability of recovery. The allegations merely indicate that plaintiff-appellant stated with specificity pursuant to Civ.R. 8(A) a claim against Martin.

For the foregoing reasons, plaintiff-appellant's sole assignment of error is well taken.

Judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

PATTON, P.J., and PORTER, J., concur.