OPINION {¶ 1} Plaintiffs-appellants, P. David and Karen Mohme, appeal the decision of the Warren County Court of Common Pleas granting partial summary judgment to defendant-appellee, Todd Moburg, on the issue of Moburg's personal liability in a dispute involving the construction of a new home.
 {¶ 2} Appellants entered into a contract for the construction of a home in July 2003 with Moburg Construction Co., Inc. ("corporation") as the contractor. The contract presented into evidence was signed by Moburg, with the notation "president" after his signature and "Moburg Construction Co., Inc." hand-printed under the signature.[1]
 {¶ 3} When the home construction was not completed, appellants filed a complaint against Moburg and the corporation, alleging several causes of action.[2] Moburg filed a motion for summary judgment, arguing that he could not be held personally liable on the claims in which he was being sued in his individual capacity because it was the corporation that entered into the contract and performed the service.
 {¶ 4} The trial court granted summary judgment to Moburg, finding that Moburg could not be held personally liable on appellants' claims of violation of the consumer sales practices act, fraud, and civil conspiracy. The decision dismissed Moburg as a defendant in this action. Appellants initiated the instant appeal, presenting three assignments of error on appeal.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLEE TODD MOBURG COULD NOT BE HELD INDIVIDUALLY LIABLE UNDER THE OHIO CONSUMER SALES PRACTICES ACT WHERE APPELLANTS' COMPLAINT AND EVIDENCE SUBMITTED TO THE LOWER COURT CLEARLY INDICATE THAT APPELLEE MOBURG COMMITTED SPECIFIC VIOLATIONS OF THE ACT."
 {¶ 7} A corporation is an artificial person, created by the General Assembly and deriving its power, authority and capacity from the statutes. Worthington City School Dist. Bd. Of Edn. v. Franklin Cty. Bd.of Revision, 85 Ohio St.3d 156, 160, 1999-Ohio-449. A corporate officer or shareholder normally will not be held liable for the debts or acts of the corporate entity. Inserra v. J.EM. Building Corp. (Nov. 22, 2000), Medina App. No. 97 CIV 0906.
 {¶ 8} An exception to shareholder liability exists where, "upon piercing the corporate veil," it appears that a corporation is simply the "alter ego" of the individual sought to be held liable.Inserra. Under this theory, corporate form may be disregarded and individual shareholders held liable for corporate misdeeds when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.
(1993), 67 Ohio St.3d 274, paragraph three of the syllabus.[3]
 {¶ 9} In addition, a corporate officer can be held personally liable for tortious acts he or she has committed and, under such circumstances, a plaintiff need not pierce the corporate veil to hold individuals liable who have personally committed such acts. Dehoff v. VeterinaryHosp. Operations of Cent. Ohio, Inc., Franklin App. No. 02AP-454, 2003-Ohio-3334, ¶ 89-90 (where a corporate officer is individually liable for torts personally committed, this liability is distinct from the liability resulting from the `piercing of the corporate veil' as that term is commonly used); see, e.g., Yo-Can, Inc. v. The YogurtExchange, Inc., 149 Ohio App.3d 513, 2002-Ohio-5194, at ¶ 49.
 {¶ 10} When a corporate officer commits a tort while in the performance of his duties, he is individually liable for the wrongful act." Lambert v. Kazinetz (S.D.Ohio, 2003), 250 F.Supp.2d 908, 914-915
(discussing Ohio law of agency). A defendant cannot shield himself from liability for the conduct in which he allegedly engaged merely because he engaged in that conduct as a corporate officer, and the fact that a plaintiff may not be able to pierce the corporate veil is irrelevant to the issue. Id.
 {¶ 11} The Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., prohibits suppliers from committing unfair, deceptive or unconscionable acts or practices in consumer transactions.[4] Suttle v.DeCesare, Cuyahoga App. No. 81441, 2003-Ohio-2866, ¶ 29, appeal not allowed, 100 Ohio St.3d 1425, 2003-Ohio-52.
 {¶ 12} The Ohio Consumer Sales Practices Act ("OCSPA") applies to transactions that include a contract to construct a residence.Keiber v. Spicer Const. Co. (1993), 85 Ohio App.3d 391, 392;Morrison v. Skestos, Franklin App. No. 04AP-244, 2004-Ohio-6985, ¶ 13;Suttle, ¶ 28-29.
 {¶ 13} R.C. 1345.02, states, in part, that: "(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
 {¶ 14} R.C. 1345.03, states, in part, that: "(A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
 {¶ 15} To determine if a specific act or practice violates the OCSPA, one must look to the statutes, the rules adopted by the Ohio Attorney General and found in the Ohio Administrative Code, or the acts or practices found to be deceptive or unconscionable by Ohio courts.Baker v. Tri-County Harley Davidson, Inc. (Nov. 15, 1999), Butler App. No. CA98-12-250.[5]
 {¶ 16} A corporate officer also may be held personally liable for his actions in violation of the OCSPA. Grayson v. Cadillac Builders,Inc., (Sept. 14, 1995), Cuyahoga App. No. 68551; see State ex rel.Fisher v. AM. Courts, Inc. (1994), 96 Ohio App.3d 297, 300.
 {¶ 17} Under the OCSPA, if an individual employee engages in unfair consumer acts and deals directly with the consumer, that person can be held personally liable, notwithstanding the fact that the individual acted as an agent of the employer. Grayson; Inserra; see, also,Carter-Jones Lumber Co. v. Dixie Distributing Co. (C.A.6, 1999), 166 F.3d 840 (both corporation and officer are liable for wrongful acts committed by an officer in his or her official capacity).
 {¶ 18} The OCSPA does not change the common law rule with respect to piercing the corporate veil. Suttle v. DeCesare, 2003-Ohio-2866 at ¶ 69. A corporate officer may not be held liable merely by virtue of his status as a corporate officer; however, the OCSPA does create a tort that imposes personal liability upon corporate officers for violations of the act performed by them in their corporate capacities. Id.; but, see, Janos v. Murduck (Feb. 28, 1996), Medina App. No. 2437-M (material issue of fact remains concerning whether plaintiffs could pierce corporate veil and hold defendant personally liable for alleged violations of consumer sales practices act).
 {¶ 19} Proof of untimeliness or inefficiency may constitute a violation of the OCSPA. Crye v. Smolak (1996), 110 Ohio App.3d 504, 510;Lump v. Best Door and Window, Inc., Logan App. Nos. 8-01-09, 8-01-10, 2002-Ohio-1389; Baker v. Tri-County Harley Davidson, Inc.; Miner v.Jayco (Aug. 27, 1999), Fulton App. No. F-99-001, citing Browns v.Lyons (1974), 43 Ohio Misc. 14 (courts have determined that supplier who consistently maintains a pattern of inefficiency, incompetency, or continually stalls and evades his legal obligations to consumers, commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act); see, also, R.C. 1345.02(B)(8) (supplier represents that a specific price advantage exists, if it does not); see R.C. 1345.03(B)(6) (misleading statement of opinion on which the consumer was likely to rely to his detriment).
 {¶ 20} According to deposition testimony, appellants dealt with Moburg during their encounters with the corporation regarding the home construction. Appellants allege that when the contract was signed, they contracted to receive a completed custom home with the specifications outlined in the contract for $290,603. Appellants claim that Moburg orally told them that the home would be completed on or about February 11, 2004. They claim that Moburg told them several completion dates that did not come to fruition.
 {¶ 21} Appellants allege that the corporation was paid $290,603 in construction draws by May of 2003, but construction on the house was not completed. Appellants claim that some of the work was not completed during the project in a timely manner to avoid problems with other aspects of the construction, that some of the work failed inspections, that Moburg did not respond to repeated requests for the cost to complete the work, and the work was incomplete when the homeowners told Moburg they were "done with him" on June 28, 2004. Finally, appellants claim that they were required to invest 3000 hours of their own time and spend approximately $50,000 to complete the home.
 {¶ 22} An appellate court's review of a summary judgment decision is de novo. Below v. Dollar Gen. Corp., 163 Ohio App.3d 694,2005-Ohio-4752, ¶ 12. Under Civ.R. 56(C), summary judgment is properly granted if (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Id.
 {¶ 23} Construing the evidence most favorably for appellants on Moburg's motion, we find that reasonable minds could not come to but one conclusion on whether Moburg could be held personally liable under the OCSPA. Appellants claim that they dealt with Moburg directly and Moburg made certain representations concerning quality, cost, and timelines. Therefore, appellants did not bring Moburg into this action simply based upon his position as an officer of the corporation. Accordingly, summary judgment is not appropriate on the issue of Moburg's personal liability under the OCSPA. Appellants' first assignment of error is sustained.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLEE TODD MOBURG COULD NOT BE HELD INDIVIDUALLY LIABLE FOR FRAUD PERPETRATED UPON THE MOHMES WHERE THERE WAS CLEAR EVIDENCE PRESENTED TO THE LOWER COURT OF FRAUDULENT INDUCEMENT ON THE PART OF APPELLEE MOBURG."
 {¶ 26} Appellants assert that Moburg committed fraud both in the statements and promises he made to them regarding what would constitute a completed custom home and the price of that completed home. Further, appellants allege that the plumbing subcontractor informed them that Moburg persuaded him to "underbid" his portion of the work to comply with the contract, with the promise that the subcontractor would be paid additional funds through "extras" added later to the price of the home.
 {¶ 27} A successful cause of action for fraud must include five elements: (1) a false representation; (2) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; and (5) an injury as a result of the reliance. VeterinaryGaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
 {¶ 28} As we previously noted, corporate officers may be held personally liable in tort. Bowes v. Cincinnati Riverfront Coliseum,Inc. (1983), 12 Ohio App.3d 12; Centennial Ins. Co. v. Tanny Int'l.
(1975), 46 Ohio App.2d 137, 141 (directors and corporate officers generally may be personally liable for fraud even though the corporation may be liable also); State ex rel. Fisher v. AM. Courts, Inc.,96 Ohio App.3d at 300; Young v. Featherstone Motors, Inc. (1954),97 Ohio App. 158, 171-172 (corporate officers may be held personally liable for actions of the company if the officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein); see, also, Atram v. Star Tool Die Corp. (1989), 64 Ohio App.3d 388, 393 (defendant made fraudulent statements as president of his own corporation and while carrying out company business, thus, both he and his company were liable for his intentional misrepresentations).
 {¶ 29} Whether fraud exists is generally a question of fact.Interstate Gas Supply, Inc. v. Calex Corp, Franklin App. No. 04AP-980,2006-Ohio-638, ¶ 84. However, summary judgment is appropriate when a plaintiff fails to produce sufficient evidence from which a jury could find in his favor. Id.
 {¶ 30} Generally, a claim of fraud cannot be predicated upon promises or representations relating to future actions or conduct.Interstate at ¶ 85. The exception to this rule is when a person makes a promise of future action, occurrence, or conduct, and who at the time he makes it, has no intention of keeping his promise. Id. The intention may be shown by circumstantial evidence, not including the fact of nonperformance. Applegate v. Northwest Title Co., Franklin App. No. 03AP-855, citing to comments in 4 Restatement of Law 2d, Torts (1977), Section 530.
 {¶ 31} Construing the evidence most favorably for appellants on Moburg's motion for summary judgment, we find that reasonable minds could not come to but one conclusion on the issue of Moburg's participation in the alleged fraud. Appellants allege that Moburg, while representing the corporation, did not intend to fulfill the contract as it existed when it was signed and did not intend to fulfill the promised completion date. Appellants also allege that Moburg intentionally misrepresented the cost of completion of the contract as evidenced by his "agreement" with the plumbing contractor to recoup costs. The explanation provided by Moburg as to the allegations set forth by appellants will involve a credibility determination by the trier of fact.
 {¶ 32} Therefore, summary judgment to Moburg is not appropriate. Appellants' second assignment of error is sustained.
 {¶ 33} Assignment of Error No. 3:
 {¶ 34} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLEE TODD MOBURG COULD NOT BE HELD INDIVIDUALLY LIABLE FOR CIVIL CONSPIRACY BECAUSE HE WAS NOT A PARTY TO THE CONSTRUCTION CONTRACT AT ISSUE."
 {¶ 35} The trial court granted Moburg's motion for summary judgment on the civil conspiracy issue by noting that it was significant that the corporation, not Moburg, was a party to the contract. The trial court stated in its decision that "the civil conspiracy theory, by its nature, deals with the parties to a contract. Since Todd Moburg is not a party to this contract, there is no basis for a civil conspiracy theory against him."
 {¶ 36} A civil conspiracy is a "malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica PremiumIns. Co., 72 Ohio St.3d 415, 419, 1995-Ohio-61. An action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed. Wilson v. Harvey, 164 Ohio App.3d 278, 2005-Ohio-5722, ¶ 41. While a plaintiff need not show an express agreement in order to demonstrate a malicious combination to injure, he must put forth evidence of "a common understanding or design," even if tacit, to commit an unlawful act. Gosden v. Louis (1996), 116 Ohio App.3d 195, 219.
 {¶ 37} Appellants argue that the conspiracy at issue here is an agreement between Moburg and the plumbing subcontractor that the subcontractor will underbid his costs for the construction to receive the contract, with the understanding that the subcontractor will receive additional sums through "extras" charged to appellants.
 {¶ 38} We have previously outlined the elements to constitute fraud. In addition, conspiracy to defraud is established by a mutual understanding that the parties will accomplish the unlawful design, that the essential element of the charge of conspiracy is the common design, and that an affirmative fraudulent representation need not be shown, but that a concealment of the true nature of the transaction is sufficient to show fraud. Pumphrey v. Quillen (1955), 102 Ohio App. 173.
 {¶ 39} Appellants' cause of action here depends upon the finding that Moburg defrauded appellants in relation to the arrangement with the subcontractor and the payment of "extras." Moburg, in his individual capacity, is not excluded from this tort claim based on the fact that he was not a party to the contract. Reasonable minds could not come to but one conclusion on the issue of Moburg's alleged liability for a civil conspiracy. Summary judgment is not appropriate. Appellants' third assignment of error is sustained.
 {¶ 40} Judgment reversed and this cause is remanded to the trial court for further proceedings.
POWELL, P.J., and YOUNG, J., concur.
[1] Evidence submitted in this case indicates that the location of appellants' current home, the home under construction at issue here, the address listed for Moburg as statutory agent, and the address for the corporation are all located on Jade Point Ct. No other evidence was provided to this court to indicate the identity of any other officer or shareholder of the corporation other than Moburg.
[2] Appellants' complaint also included claims against a plumber, Kurt Deaton, but Deaton is not a party to this appeal.
[3] This court has held that an unjust, wrongful, or inequitable act can satisfy the second prong of Belvedere. See Robert A. Saurber GeneralContractor, Inc., v. McAndrews, Butler App. No. CA2003-09-239,2004-Ohio-6927, ¶ 34.
[4] The definition of "supplier" includes, inter alia, any person which is engaged in a business effecting or soliciting consumer transactions whether or not the person deals directly with the consumer. R.C. 1345.01(C).
[5] R.C. 1345.07 requires that an act or practice determined by a court of the state to violate R.C. 1345.02 or R.C. 1345.03 be committed after the court decision was made available for public inspection.