[Cite as *Brigadier Constr. Servs., L.L.C., v. JLP Glass Prods.*, 2012-Ohio-2314.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97624**

# BRIGADIER CONSTRUCTION SERVICES LLC

PLAINTIFF-APPELLEE

vs.

# JLP GLASS PRODUCTS, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734769

**BEFORE:** Jones, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANT**

Harlan Karp
850 Euclid Avenue
Suite 1330
Cleveland, Ohio 44114

Eugene I. Selker
Mazanec, Raskin & Ryder Co.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139

**ATTORNEYS FOR APPELLEE**

Debra J. Horn
Alan B. Dailide
Rachel L. Steinlage
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard
Suite 500
Cleveland, Ohio 44122

LARRY A. JONES, SR., J.:

{¶1} Defendants-appellants JLP Glass Products and James Ponyicky (collectively "JLP Glass") appeal the trial court's denial of its motion for relief from judgment. For the reasons that follow, we lack jurisdiction to consider this appeal.

{¶2} In 2009, plaintiffs-appellees Brigadier Construction Services, LLC, subcontracted with JLP Glass to have the company furnish labor, materials, equipment, and supervision for the installation of panels and walls as part of the Louis Stokes Cleveland VA Medical Center construction project. By February 2010, the parties decided to terminate their relationship and entered into a formal settlement agreement ("Agreement").

{¶3} In August 2010, Brigadier filed a three count complaint against JLP Glass, Ponyicky, who owned JLP Glass, and James Long, a JLP Glass employee, alleging breach of the Agreement (Counts I and II) and conversion (Count III) against all three parties.[1] In January 2011, Brigadier moved for summary judgment. The motion went unopposed; on April 26, 2011, the trial court granted the summary judgment motion as to Counts I and II, but denied the motion as to Count III.

{¶4} Subsequent to the trial court's partial denial of its motion for summary judgment, Brigadier moved to amend its complaint to amend Counts I and II to name just

---

[1] Long is not a party to this appeal.

JLP Glass and Ponyicky and to dismiss Count III. The trial court denied the motion. Brigadier then moved to dismiss Count III with prejudice pursuant to Civ.R. 41(A)(1)(A). The trial court granted this motion on May 18, 2011.

{¶5} On October 19, 2011, JLP Glass filed a motion for relief from judgment, which Brigadier opposed and the trial court denied, without hearing.

{¶6} It is from this order that JLP Glass and Ponyicky now appeal, raising the following assignments of error for our review:

> I. The trial court abused its discretion in denying Appellants' Rule 60(B) Motion and failing to hold a hearing where Appellants cited Misrepresentation/Fraud on the court, meritorious defenses were asserted[,] and Appellees misrepresented their claims for relief and the [p]ersonal [l]iability of Appellant Ponyicky.
>
> II. The trial court erred in finding that a Notice of Partial Dismissal of Count III with prejudice under Civil Rule 41(A)(1) was a final order.
>
> III. The trial court erred to the prejudice of Defendants-Appellants in denying a protective order staying execution [where] Civil Rule 60(B) relief was sought, operative facts were established, and the record is unclear whether there was indeed a final judgment.

Lack of a Final Appealable Order

{¶7} We are unable to reach the merits of the appeal, however, because we do not have jurisdiction over the appeal. Appellate jurisdiction is limited to reviewing a lower court's final judgment. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86,

88, 541 N.E.2d 64 (1989).

{¶8} According to Civ.R. 54(B), an action is not terminated unless the court has resolved all of the claims or the rights and liabilities of all of the parties, or the court has specified that there is no just reason for delay. Thus, a motion for summary judgment that fails to adjudicate all claims against all parties is interlocutory absent the required Civ.R. 54(B) language. *Goldney v. Byrd*, 8th Dist. No. 88285, 2007-Ohio-1985; *Perritt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 03AP-1008, 2004-Ohio-4706.

{¶9} Brigadier filed suit against JLP Glass, its owner Ponyicky, and its employee, Long. In its complaint, Brigadier alleged that all three were jointly and severally liable for breach of the Agreement (Counts I and II) and conversion (Count III). In its motion for summary judgment, Brigadier requested summary judgment *only* as to JLP Glass and Ponyicky on Counts I and II but as to the company, Ponyicky, and Long on Count III. The trial court subsequently granted summary judgment "as to the claims for compensatory damages against [JLP Glass] and [Ponyicky], jointly and severally, in the total amount of $16,782.00," which was the amount prayed for in Counts I and II. The court denied Count III as follows: "[t]he motion is denied as to defendant Jesse L. Long on the conversion claim" and "as to punitive damages and attorney's fees on the conversion claim. Therefore, the claim against defendant Long and the punitive damage claim against all defendants remain pending for adjudication."

{¶10} Thus, at this point, all claims remained against Long and part of the

conversion claim remained against JLP Glass and Ponyicky.[2] Brigadier admitted as much when, in its motion to file an amended complaint, it stated that "based on [the court's summary judgment] ruling, Count III (for conversion) and *all claims* against Defendant Long remain pending." (Emphasis added.)[3] In its proposed amended complaint, Brigadier amended the allegations so as to include only JLP Glass and Ponyicky on Counts I and II and deleted Count III, in its attempt to create a final order. The trial court, however, denied Brigadier's motion to file the amended complaint. Because the trial court denied the motion, the claims remained pending. Brigadier then filed a dismissal with prejudice as to Count III *only*; Brigadier never dismissed Counts I and II against Long.

{¶11} The trial court issued an order stating "plaintiff dismisses count three of its complaint with prejudice. There are no remaining claims for adjudication and this case is hereby placed on the court's inactive docket." The court erred, however, because the claims for breach of the Agreement remained, and still remain, pending against Long.

{¶12} The claims against Long for breach of contract, Counts I and II, remain pending for adjudication. Without an express determination that there was no just reason for delay, the order dismissing Count III of the complaint was not a final order. Civ.R.

---

[2] The claim for conversion requested compensatory damages, punitive damages, and attorney fees.

[3] In fact, in its appellate brief, Brigadier reiterated that based on the trial court's summary judgment ruling, "Count Three (for conversion) and all claims against Defendant Long remain pending." P. 2 Brief of Appellee Brigadier Construction Services, LLC.

54(B).   Consequently, we are without jurisdiction to consider this appeal.

{¶13} Appeal dismissed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
KENNETH A. ROCCO, J., DISSENTS WITH
SEPARATE OPINION

KENNETH A. ROCCO, J., DISSENTING:

{¶14} Although not mentioned in the majority opinion, the heart of this case is whether the Ohio Supreme Court's decision in *Pattison v. W.W. Grainger, Inc.* applies when a party dismisses with prejudice its remaining unadjudicated claims.   120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126.    I would hold that *Pattison* does not apply where a plaintiff moves for leave to amend under Civ.R. 15(A) to dismiss its remaining unadjudicated claims; where that motion is denied; and where the plaintiff then voluntarily dismisses all unadjudicated claims with prejudice under Civ.R. 41(A).   Because Brigadier

did just that, I would hold that this case presents us with a final appealable order. Accordingly, I respectfully dissent.

{¶15} After the trial court granted, in part, Brigadier's motion for summary judgment, Brigadier then filed a motion under Civ.R. 15(A) for leave to amend its complaint so that it could remove its conversion claim and begin to collect on its judgment with respect to the two breach of contract claims. The trial court denied the motion on May 16, 2011.

{¶16} As a result, on May 18, 2011, Brigadier instead voluntarily dismissed the conversion claim under Civ.R. 41(A). Importantly, Brigadier dismissed the remaining claim *with prejudice*. On May 24, 2011, the trial court indicated on the docket that, because there were no remaining claims for adjudication, the case would be placed on the court's inactive docket.

{¶17} In other words, Brigadier attempted to amend its complaint under Civ.R. 15(A), and only after its motion was denied, did it voluntarily dismiss *with prejudice* its remaining claim under Civ.R 41(A)(1). Under this procedural posture, there is a final appealable order.

{¶18} Appellants' argument, that the Ohio Supreme Court's decision in *Pattison* applies to this case and that there is no final appealable order, is misplaced. In *Pattison*, the court held that a party who dismisses claims under Civ.R. 41(A) must dismiss all claims against a party or else there is no final appealable order. *Pattison*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, at ¶ 1. There was more than one basis for the

court's decision in *Pattison*, but the main rationale was that if a plaintiff did not have to dismiss all of its claims to effectuate a final appealable order, then:

> a plaintiff could create a final and appealable order as to one issue under Civ.R. 41(A) while still saving the dismissed claim to be refiled later. To allow a partial Civ.R. 41(A) dismissal is potentially prejudicial to defendants. In cases in which all claims against a party are dismissed *without prejudice*, there still is the risk of the action being refiled, but the amount of potential litigation that a defendant is subjected to is the same.

(Emphasis added). *Id.* at ¶ 20. This rationale makes sense when a party uses Civ.R. 41(A) to dismiss a claim without prejudice. However, Civ.R. 41(A) provides that "[*u*]*nless otherwise stated in the notice of dismissal* or stipulation,

the dismissal is without prejudice * * * ." (Emphasis added.) Civ.R. 41(A)(1).

**{¶19}** But in the instant case, Brigadier gave notice that it was dismissing its third cause of action *with prejudice*. The rationale behind the *Pattison* rule does not apply in the case where a party voluntarily dismisses with prejudice because there is no risk to the defendant that the plaintiff can refile.

**{¶20}** Further, Brigadier did everything within its power to comply with the *Pattison* decision. In *Pattison*, the court explained that a party who wishes to obtain a final appealable order and wishes to dismiss some but not all claims should move for leave to amend its complaint under Civ.R. 15(A) rather than using Civ.R. 41(A). *Pattison* at ¶

{¶21} In the instant case Brigadier attempted to do just that. Brigadier filed for leave to amend the complaint under Civ.R. 15(A), but for some unknown reason, the court denied the motion.[4] It was not until then that Brigadier availed itself of Civ.R. 41(A) and dismissed the remaining claim with prejudice. Brigadier did everything within its power to dismiss its remaining claim, to protect the defendant from the possibility of future litigation, and to create a final appealable order so that it could effectuate judgment.

{¶22} Although the *Pattison* decision is based, in part, on the text of Civ.R. 41(A), the holding appears to rest mostly on the policy decision to protect defendants against the possibility that claims voluntarily dismissed without prejudice could later be refiled. In light of this rationale, we should distinguish *Pattison* from the instant case and hold that *Pattison* does not apply where a party dismisses its remaining claims *with prejudice*.

{¶23} This result makes much more sense than forcing a party who moved for, but was not granted, leave to amend under Civ.R. 15(A) to make the choice between continuing to litigate a claim that it wishes to abandon or else to give up the claims for which it has already won a judgment in its favor.

{¶24} Accordingly, I would not dismiss this case for lack of a final appealable order and would reach the merits of the case. I would hold that *Pattison* does not apply where a plaintiff moves under Civ.R. 15(A) for leave to amend to dismiss its remaining claims; where the motion is denied; and where the plaintiff then voluntarily dismisses all

---

[4]Civ.R. 15 ("Leave of court shall be freely given when justice so requires").

unadjudicated claims with prejudice under Civ.R. 41(A).   I believe this holding gives due

deference to the *Pattison* decision and also avoids creating Kafkaesque results.