[Cite as *Garber v. STS Concrete Co., L.L.C.*, 2013-Ohio-2700.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99139**

---

## PATRICK GARBER

PLAINTIFF-APPELLEE

vs.

## STS CONCRETE CO., L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-694321

**BEFORE:** Celebrezze, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**ATTORNEY FOR APPELLANTS**

Brian M. Fallon
P.O. Box 26267
Fairview Park, Ohio   44126


**ATTORNEY FOR APPELLEE**

Anthony J. Amato
6325 York Road
Suite 305
York Executive II Building
Parma Heights, Ohio   44130

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellants, STS Concrete Co., L.L.C. ("STS") and Frank Suglio, appeal a judgment in favor of appellee, Patrick Garber, for $18,600 and $5,524.24 in attorney fees. Appellants claim the trial court erred in awarding Garber treble damages, attorney fees, and holding Suglio individually liable. After a thorough review of the record and law, we affirm in part and reverse in part.

## I.  Factual and Procedural History

{¶2} STS is a contracting company owned by Suglio that does concrete and masonry work.  On June 8, 2008, STS was renovating a driveway in Garber's neighborhood.  Garber's neighbor had recommended STS to Garber, and he stopped by the job site and spoke to Suglio about possibly redoing a driveway, sidewalk, and steps. Suglio met with Garber at Garber's home and provided a quote of $6,200.  Garber entered into a contract with STS for those repairs on June 21, 2008.  The contract did not provide Garber with a notice of his right to cancel within three days.  STS began work on Garber's home several days later. It removed the concrete drive and sidewalk and poured a new driveway, sidewalk, and steps.  The work was approved by the city inspector, and STS was paid in full on July 9, 2008.

{¶3} Garber asserts that the day after the work was complete, the driveway cracked in several places.  He further alleged that he contacted Suglio and complained. According to Garber, Suglio agreed to fix the cracked sections of the driveway, but never did.  Approximately ten months after the work was completed, Garber sent STS notice

that he was rescinding the contract and requested the return of $6,500 paid by him.[1] Suglio refused to return the money, and Garber then filed suit.

{¶4} Garber's suit against STS and Suglio individually included claims for breach of contract, negligence, and violations of the Ohio Consumer Sales Practices Act ("CSPA") and the Ohio Home Solicitation Sales Act ("HSSA"). STS and Suglio answered and discovery was conducted. On December 2, 2009, at the close of discovery and depositions, Garber moved for partial summary judgment on the CSPA and HSSA claims. Garber's motion asked for judgment on the CSPA/HSSA violations and to hold Suglio individually liable for those violations. After extensive briefing, the trial court granted Garber's motion for partial summary judgment on March 12, 2010. The trial court set forth damages in the amount of $18,600, "($6,200 x 3)."

{¶5} Following the trial court's grant of partial summary judgment, Garber moved the trial court to allow him to file an amended complaint to dismiss the remaining claims. The court granted Garber leave, but an amended complaint was not filed at that time. Appellants filed a motion for relief from judgment and appealed to this court after their motion was denied. We dismissed the appeal for lack of a final, appealable order. Garber then filed an amended complaint dismissing the remaining claims for relief, and appellants filed the instant appeal raising three assignments of error for review:

---

[1] The cancellation letter and complaint allege that the contract price was $6,500, but the contract evidences a price of $6,200.

I. The trial court erred by granting the plaintiff's motion for summary judgment and awarding rescission damages and treble damages and by overruling the motion for relief from judgment.

II. The trial court erred by holding Frank Suglio personally liable for damages.

III. The trial court erred in awarding attorney's fees.

## II. Law and Analysis

### A. Final, Appealable Order

{¶6} This court feels compelled to address jurisdictional grounds necessary to hear this appeal. The trial court granted partial summary judgment to Garber, setting forth an order that found appellants liable and determined an appropriate amount of damages. This order for partial summary judgment is generally not a final, appealable order because it does not dispose of all the pending claims for relief. "According to Civ.R. 54(B), an action is not terminated unless the court has resolved all of the claims or the rights and liabilities of all of the parties, or the court has specified that there is no just reason for delay." *Brigadier Constr. Servs. v. JLP Glass Prods.*, 8th Dist. No. 97624, 2012-Ohio-2314, ¶ 8. Further, "'An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable.'" *Reagan v. Ranger Transp.*, 104 Ohio App.3d 15, 17, 660 N.E.2d 1234 (11th Dist.1995), quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Where partial summary judgment has been granted, Civ.R. 41(A)(1) cannot be used to dismiss the remaining claims against a party to create a final, appealable order

because "'[t]o do so would permit piecemeal litigation and piecemeal appeals, which are disfavored in the law.'" *Reagan* at 18, quoting *Borchers v. Winzeler Excavating Co.*, 2d Dist. No. 13297, 1992 Ohio App. LEXIS 2091 (Apr. 10, 1992). Also, Civ.R. 41(A)(1)(a) states that a plaintiff "may dismiss all claims asserted by that plaintiff * * *." Dismissing some, but not all claims is not contemplated by the rule.

{¶7} Here, Garber did not attempt to utilize Civ.R. 41 to create a final, appealable order. Garber was granted leave to file an amended complaint pursuant to Civ.R. 15(A). This amended pleading narrowed his claims for relief to only those that had been addressed in his favor in the trial court's journal entry granting summary judgment. This transformative act disposed of the pending claims and left nothing further for the trial court to determine. These claims cannot be refiled,[2] as those dismissed without prejudice under Civ.R. 41(A) may be. *Rush v. Maple Hts.*, 167 Ohio St. 221, 147 N.E.2d 599 (1958). This practice has been recognized by the Ohio Supreme Court as appropriate to create a final, appealable order when it held that "the proper procedure for a plaintiff to dismiss fewer than all claims against a single defendant is to amend the complaint pursuant to Civ.R. 15(A)." *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 19, citing *Reagan* at 18; *Kildow v. Home Town Improvements*, 5th Dist. No. CT2001-0057, 2002-Ohio-3824, ¶ 11; *Lewis v. J.E.*

---

[2] "'A final judgment * * * upon the merits * * * by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties * * *.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226.

*Wiggins & Co.*, 10th Dist. Nos. 04AP-469, 04AP-544, and 04AP-668, 2004-Ohio-6724, ¶ 17.

{¶8} Liability and appropriate relief have been determined and set forth in a journal entry that completely set forth the rights and responsibilities of the parties in this action. Therefore, the amendment of the complaint caused the journal entry granting summary judgment to be a final, appealable order at the time the amended complaint was filed and accepted by the trial court.

### B. Standard of Review

{¶9} Garber was granted summary judgment on the issues of liability and damages. This court reviews that judgment de novo. *Brown v. Scioto Cty. Commrs.*, 87 Ohio App.3d 704, 622 N.E.2d 1153 (4th Dist.1993). Civ.R. 56 provides that summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶10} The reviewing court then evaluates the record in a light most favorable to the non-moving party and determines if "reasonable minds could find for the party opposing the motion." *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990).

### C. Home Solicitation Sales Act Applicability

**{¶11}** The gravamen of appellants' arguments are that damages were improperly calculated, but within that argument they assert that the HSSA does not apply to this transaction.

**{¶12}** The HSSA seeks to decrease high-pressure sales tactics that are sometimes employed during in-home solicitations by providing consumers with a cooling-off period within which the transaction may be cancelled. R.C. 1345.21(A) applies to

> a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business.

**{¶13}** The HSSA provides exceptions in a number of circumstances that do not apply to the present situation. *See* R.C. 1345.21(A)(1)-(7). The act further defines "consumer goods or services" to mean "goods or services purchased, leased, or rented primarily for personal, family, or household purposes, including courses or instruction or training regardless of the purpose for which they are taken." R.C. 1345.21(E).

**{¶14}** Citing the "household purposes" language in the definition above, there has been a long history of applying this statute to home remodeling contracts. *Camardo v. Reeder*, 8th Dist. No. 80443, 2002-Ohio-3099, ¶ 19 ("The HSSA applies to home improvement contracts involving 'consumer goods or services'"), citing *R. Bauer & Sons Roofing & Siding, Inc. v. Kinderman*, 83 Ohio App.3d 53, 613 N.E.2d 1083 (2d Dist.1992) (installation of a new roof, windows, and door at a private home); *Knight v.*

*Colazzo*, 9th Dist. No. 24110, 2008-Ohio-6613, ¶ 14; *Collins v. Kingsmen Ents., Inc.*, 8th Dist. No. 66433, 1995 Ohio App. LEXIS 123 (Jan. 19, 1995) (remodeling of a kitchen). *But see Tambur's, Inc. v. Hiltner*, 55 Ohio App.2d 90, 379 N.E.2d 231 (6th Dist.1977); *Collins Home Improvement Inc. v. Goodwin*, 5th Dist. No. 98-CA-26-2, 1998 Ohio App. LEXIS 6572 (Dec. 31, 1998). This furthers the remedial purpose of the HSSA and the CSPA, to "compensate for incomplete consumer remedies available at common law." *Anderson v. Barclay's Capital Real Estate, Inc.*, Slip Opinion No. 2013-Ohio-1933, ¶ 9.

{¶15} Therefore, the law is settled in this district that the HSSA applies to home remodeling contracts, including the one at issue in the present case.

{¶16} Appellants argue that R.C. 1345.23 requires that a consumer return any goods to the seller in a similar condition as delivered. Because that cannot be done after concrete is poured, it deprives appellants of the ability to retrieve goods after a buyer cancels a contract once performance is undertaken. That may seem like an inequitable result, but for service contracts involving home remodeling, like the one at issue here, the statute "'clearly [places] the risk on the home improvement contractor who begins performance before giving the consumer proper notice of the right to cancel.'" *McGill v. Image Scapes*, 9th Dist. No. 10CA0043-M, 2010-Ohio-6246, ¶ 8, quoting *Clemens v. Duwel*, 100 Ohio App.3d 423, 431, 654 N.E.2d 171 (2d Dist.1995).

### D. Election of Remedies

**{¶17}** Turning now to damages, appellants argue that the trial court erred in cumulatively awarding damages based on three times the contract price and allowing cancellation of the contract as well. We agree.

**{¶18}** Under the HSSA, a home solicitation sale must include a written agreement that contains a statement of the buyer's right to cancel the contract until midnight of the third business day after the day on which the buyer signs the contract. R.C. 1345.22 and 1345.23. Where no such provision is contained in the agreement, the buyer's right to cancel the contract does not expire. R.C. 1345.23(C). If the buyer decides to cancel the sale, the seller must refund all payments made under the contract to the buyer. R.C. 1345.23(D)(4)(a). This provision effectively allows the buyer to cancel the contract at any time, but the buyer may be susceptible to an unjust enrichment claim by the seller. R.C. 1345.23(C) makes clear that where a notice of right of cancellation is not included, the three-day cancellation period does not begin until the seller furnishes the buyer with the appropriate cancellation notice.

**{¶19}** A failure to provide a cancellation notice in a transaction covered by the HSSA constitutes a violation of the CSPA under R.C. 1345.02. *Kamposek v. Johnson*, 11th Dist. No. 2003-L-124, 2005-Ohio-344, ¶ 27. Garber sought to cancel the contract utilizing the HSSA provisions, but he also sought damages under the CSPA per R.C. 1345.09(B), which provides,

> [w]here the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate

section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction *or* recover, but not in a class action, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

(Emphasis added.)

{¶20} Under this statute, an aggrieved consumer has a number of available methods to calculate damages. First, the consumer may rescind the contract. If this option is chosen, the consumer must do so within a reasonable time. R.C. 1345.09(C)(1). However, rescission is not an appropriate remedy under the CSPA where "there has been a substantial change in the subject of the consumer transaction." *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 224, 480 N.E.2d 802 (1985).

{¶21} Alternatively, under R.C. 1345.09, the consumer may seek to recover three times the actual amount of economic damages. "'Actual economic damages' means damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345 of the Revised Code and does not include damages for noneconomic loss as defined in section 2315.18 of the Revised Code." R.C. 1345.09(G). "'"Actual damages" are defined as "real, substantial, and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury."'" *Whitaker v. M.T. Auto., Inc.*, 111 Ohio St.3d 177, 2006-Ohio-5481, 855 N.E.2d 825, ¶ 18, quoting *Crow v. Fred Martin Motor Co.*, 9th Dist. No. 21128, 2003-Ohio-1293, ¶ 32,

quoting *Black's Law Dictionary* 390 (6th Ed.1990). Actual damages do not equate to the contract price, especially where the seller has fully performed, albeit unsatisfactorily. Therefore, the trial court erred in awarding three times the contract price as damages under this provision.

{¶22} A separate remedy is available for violations of the HSSA distinct from remedies available under R.C. 1345.09. The buyer may cancel the contract according to R.C. 1345.23(D)(4)(a) and receive any payments made under the contract. *McGill*, 9th Dist. No. 10CA0043-M, 2010-Ohio-6246, ¶ 11.

{¶23} It is clear from the record that the contract was cancelled in this case, as evidenced by Garber's notice of cancellation received by appellants on May 6, 2009. A consumer must elect which remedy to base recovery on because the consumer cannot recover under both R.C. 1345.23 and 1345.09. *White v. Allstate Ins. Co.*, 8th Dist. No. 92648, 2009-Ohio-5829. The remedies are mutually exclusive. *White v. Allstate Ins. Co.*, 8th Dist. No. 89316, 2008-Ohio-140, ¶ 37, citing *Kamposek*, 11th Dist. No. 2003-L-124, 2005-Ohio-344, ¶ 27 ("[w]here the buyer exercises the right to cancel [under the HSSA], there is 'no reason to turn to the rescission provision of R.C. 1345.09'").

{¶24} Here, Garber sought cancellation under the HSSA as well as three times an amount of actual damages under the CSPA for a failure to return the payments made under the cancelled contract. Garber is entitled to one of these remedies, but not both. As other courts have noted, the HSSA is a tool for consumers; a shield to ward against oppressive, high-pressure sales tactics that are sometimes employed in home solicitations.

Allowing multiple recoveries from a seller transmutes the tool to a sword. It also transforms a statute from remedial to punitive. That is not its intent.

{¶25} In this case, Garber elected to cancel the contract under R.C. 1345.22 and is entitled to the refund of payments made pursuant to R.C. 1345.23. This election of remedies precludes Garber from arguing for damages under R.C. 1345.09 in addition to the contract price. The trial court erred in awarding damages above the price paid under the contract.

### E. Personal Liability

{¶26} Suglio argues in his second assignment of error that individual liability is not appropriate in this case. He asserts that Garber knew at all times that he was dealing with a limited liability company and has presented nothing that would mandate a disregard of this business form. He further argues that any violation of the HSSA was not knowing, and therefore he cannot be held liable.

{¶27} Generally, employees and proprietors of corporations and limited liability companies are not answerable for the debts or responsibilities of the company. In certain contexts, however, individuals can be held to answer for the actions of the company. Violations of the CSPA offer such a context. Where officers or shareholders of a company take part in or direct the actions of others that constitute a violation of the CSPA, that person may be held individually liable.

{¶28} This court recently reiterated that

an officer of a corporation is individually liable for each violation of the
CSPA in which he personally participates. *Stultz v. Artistic Pools, Inc.*,

Summit App. No. C.A. 20189, 2001-Ohio-1420, ¶ 4. Liability also exists for actions where "the officer took part in the commission of the act, specifically directed the particular act to be done, or participated or cooperated therein." *Grayson v. Cadillac Builders, Inc.* (Sept. 14, 1995), Cuyahoga App. No. 68551, 1995 Ohio App. LEXIS 3954, citing *State ex rel. Fisher v. Am. Courts, Inc.* (1994), 96 Ohio App.3d 297, 644 N.E.2d 1112. The officer's "liability flows not from his status as * * * an officer * * *, but from his personal actions in violating CSPA." *Inserra v. J.E.M. Bldg. Corp.* (Nov. 22, 2000), Medina App. No. 2973-M, 2000 Ohio App. LEXIS 5447 at *17, citing *Sovel v. Richardson* (Nov. 15, 1995), Summit App. No. 17150, 1995 Ohio App. LEXIS 5076. This court noted that the CSPA "does not change the existing common law of tort, nor does it change the common law rule with respect to piercing the corporate veil. A corporate officer may not be held liable merely by virtue of his status as a corporate officer. It does, however, create a tort which imposes personal liability upon corporate officers for violations of the act performed by them in their corporate capacities." *Grayson*, 1995 Ohio App. LEXIS 3954 at *9, fn. 1.

*Burns v. Spitzer Mgmt.*, 190 Ohio App.3d 365, 2010-Ohio-5369, 941 N.E.2d 1256, ¶ 32 (8th Dist.).

{¶29} In a similar case, the Ninth District determined that violations of the HSSA personally committed by individuals acting in a corporate capacity exposed them to individual liability. *McGill*, 9th Dist. No. 10CA0043-M, 2010-Ohio-6246, ¶ 13-14. *McGill* also indicates that a violation under R.C. 1345.02 does not have to be knowing in order to subject an individual to liability.

{¶30} Appellants' failure to provide a cancellation notice constituted a violation of the HSSA and consequently a violation of the CSPA under R.C. 1345.02. A requirement for *knowingly* committing a violation of the CSPA in order to subject one to individual liability is not found in R.C. 1345.02. As the court explained in *Grayson*, 8th Dist. No. 68551, 1995 Ohio App. LEXIS 3954, *10-11 (Sept. 14, 1995):

"In order to recover under R.C. 1345.03, a consumer must show that a supplier acted unconscionably and knowingly." *Karst v. Goldberg* (1993), 88 Ohio App.3d 413, 418, 623 N.E.2d 1348. While proof of intent is not required to prove deception under R.C. 1345.02, proof of knowledge is a requirement to prove an unconscionable act under R.C. 1345.03.

{¶31} Even if a knowing act is required, Suglio claims he relied on three cases for the proposition that the transaction did not fall under the HSSA. *Tambur's*, 55 Ohio App.2d 90, 379 N.E.2d 231 (6th Dist.1977); *Collins*, 5th Dist. No. 98-CA-26-2, 1998 Ohio App. LEXIS 6572 (Dec. 31, 1998); and *BPI Indus. v. DeVaney*, 5th Dist. No. CA-415, 1992 Ohio App. LEXIS 2938 (June 3, 1992). This claim is dubious given the long-standing case law from this district cited in part C of this opinion, which holds the opposite. Suglio admitted in his deposition that he made the decision not to return any money to Garber and that he provided a contract to Garber that did not include a notice of cancellation. Suglio was also correctly notified of the statutory provisions he was accused of violating by the cancellation letter. It stated,

> Pursuant to Ohio Revised Code Section 1345.22, this letter is my written notice of cancellation of the contract I signed on June 21, 2008.
>
> Pursuant to Ohio Revised Code Section 1345.23(D)(4) and 16 C.F.R. 429.1, within (10) days from the delivery of this letter, you must refund the Six Thousand Five Hundred Dollars ($6,500) I paid you.

{¶32} The letter provides specific references to the HSSA, which put Suglio on notice to investigate its applicability. Further, Suglio provided Garber with a contract that failed to include a cancellation notice. Both of these acts are violations of the HSSA and subject Suglio to individual liability.

## F. Attorney Fees

**{¶33}** Finally, appellants claim in their third assignment of error that the trial court erred in awarding attorney fees to Garber. Appellants' arguments go mainly to the amount of fees awarded and the evidence proffered by Garber at a hearing on his motion for attorney fees, but we find the award of fees was not appropriate in this case.

**{¶34}** A prevailing party in an action for a knowing violation of the CSPA may be awarded attorney fees expended in pursuing vindication. R.C. 1345.09(F)(1). But, as recognized by this court, when a plaintiff elects a remedy under the HSSA to cancel a contract and receive a refund of payments made, he is bound by that choice. *White*, 8th Dist. No. 92648, 2009-Ohio-5829; *Clemens*, 100 Ohio App.3d 423, 433, 654 N.E.2d 171 (2d Dist.1995). In *White*, this court recognized that the HSSA does not contain a provision for the award of attorney fees. Therefore, where one elects to cancel the contract pursuant to R.C. 1345.23, attorney fees are not available under R.C. 1345.09. *Id.* at ¶ 22.

## III. Conclusion

**{¶35}** The trial court's grant of summary judgment as to liability was appropriate in this case. The HSSA applied to this home improvement contract, and the contract at issue failed to provide a notice of cancellation. This constituted a violation of the HSSA and the CSPA, for which appellants are jointly and severally liable. However, the court erred in awarding damages far in excess of those contemplated by these statutes. An election of remedies must be made, and a plaintiff may only recover damages once. Here, Garber cancelled the contract, as evidenced by the May 5, 2009 cancellation letter. Damages based on R.C. 1345.09 are therefore not appropriate in this case. Accordingly, appellants are jointly and severally liable to Garber in the amount of $6,200.

**{¶36}** This cause is affirmed in part and reversed in part.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR